MICHAEL S. SHUSTER (*pro hac vice*)
DANIEL M. SULLIVAN (*pro hac vice*)
BLAIR E. KAMINSKY (*pro hac vice*)
DANIEL M. HOROWITZ (*pro hac vice*)
HOLWELL SHUSTER AND GOLDBERG LLP
425 Lexington Avenue
14th Floor
New York, NY 10017
Tel: (646) 837-5151
Fax: (646) 837-5150
mshuster@hsgllp.com
dsullivan@hsgllp.com
bkaminsky@hsgllp.com
dhorowitz@hsgllp.com

RICHARD STEPHEN ENDRES (Bar No. 144853)
PATRICK G. BOLLIG (Bar No. 248255)
LONDON FISCHER LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
Tel: (949) 252-0550
Fax: (949) 252-0553
rendres@londonfischer.com
pbollig@londonfischer.com

*Attorneys for Plaintiff and Counterclaim Defendant*
*ACE Property and Casualty Insurance Company*

GRETCHEN A. HOFF VARNER (Bar No. 284980)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091
ghoffvarner@cov.com

ANNA ENGH (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, N.W.
Washington, D.C. 20001
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
aengh@cov.com

DAVID LUTTINGER (*pro hac vice*)
CLÉA P.M. LIQUARD (*pro hac vice*)

JOINT CASE MANAGEMENT STATEMENT UNDER FED. R. CIV. P. 26(f) AND CIV. L.R. 16-9,
Case No.: 3:20-cv-09356-JSC

COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Telephone: +1 (212) 841-1000
Facsimile: +1 (212) 841-1010
dluttinger@cov.com
cliquard@cov.com

*Attorneys for Defendant, Counterclaim Plaintiff, Cross-claim Plaintiff, and Counterclaim Defendant McKesson Corporation*

RICHARD J. DOREN (Bar No. 124666)
MATTHEW A. HOFFMAN (Bar No. 227351)
MADELEINE F. MCKENNA (Bar No. 316088)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel: (213) 229-7038
Fax: (213) 229-6038
rdoren@gibsondunn.com
mhoffman@gibsondunn.com
mmckenna@gibsondunn.com

MITCHELL J. AUSLANDER (*pro hac vice*)
CHRISTOPHER J. ST. JEANOS (*pro hac vice*)
JOCELYN M. SHER (*pro hac vice*)
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8000
Fax: (212) 728-8100
mauslander@willkie.com
cstjeanos@willkie.com
jsher@willkie.com

*Attorneys for Defendants, Cross-Claim Defendants, and Counterclaim Plaintiffs AIU Insurance Company and National Union Fire Insurance Company of Pittsburgh, Pa.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>        v.<br><br>McKESSON CORPORATION *et al.*,<br><br>        Defendants. | Case No. 3:20-cv-09356-JSC<br><br>**JOINT CASE MANAGEMENT STATEMENT UNDER FED. R. CIV. P. 26(f) AND CIV. L.R. 16-9**<br><br>ASSIGNED FOR ALL PURPOSES TO:<br><br>Magistrate Judge Jacqueline Scott Corley<br><br>Conference Date**:** April 1, 2021<br>Time:            1:30 p.m.<br>Date action filed**:** November 2, 2020<br>Trial Date**:**      None set |

By and through their undersigned counsel of record, Plaintiff and Counterclaim Defendant ACE Property and Casualty Insurance Company ("ACE"), Defendant, Counterclaim Plaintiff, Cross-claim Plaintiff, and Counterclaim Defendant McKesson Corporation ("McKesson"), and Defendants, Cross-Claim Defendants, and Counterclaim Plaintiffs AIU Insurance Company ("AIU") and National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union," and together with ACE, McKesson, and AIU, the "Parties"), hereby submit the following Joint Case Management Statement, pursuant to Local Rule 16-9, Fed. R. Civ. P. 26(f), and the Standing Order for All Judges of the Northern District of California, in advance of the Case Management Conference scheduled in this matter for April 1, 2021. Counsel for the Parties met and conferred on March 3 and 23, 2021.

1.      **JURISDICTION AND SERVICE**

In its March 10, 2021 order denying ACE's motion to remand, the Court held it has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). ECF 138. There are no issues regarding personal jurisdiction or venue. All remaining Parties to this action have been served and have appeared in the action.

2.      **FACTS**

Beginning in 2016, McKesson, with many other parties, has been named as a defendant in more than 3,200 lawsuits pending in federal and state courts around the country brought by governmental entities, other entities, and individuals, relating to losses allegedly arising out of McKesson's

distribution and sale of prescription opioid pharmaceuticals (the "Opioid Lawsuits"). McKesson seeks (i) past and future defense costs; and (ii) indemnity for past settlements and any future settlements or judgments in the Opioid Lawsuits under commercial umbrella liability insurance policies issued by AIU to McKesson from July 1, 1999 to July 1, 2001; by National Union to McKesson from July 1, 2001 to July 1, 2009; and by ACE to McKesson from July 1, 2009 to July 1, 2017 (the "Policies").

ACE filed the instant action, which was docketed on November 2, 2020, in the Superior Court of the State of California for the County of Orange, No. 30-2020-01168115-CU-IC-CXC, seeking declarations that it has no duty to defend or indemnify McKesson for the Opioid Lawsuits and, to the extent ACE is called upon to defend or indemnify McKesson, a declaration of AIU's and National Union's respective obligations. ACE named as defendants to its suit McKesson, AIU, National Union, and 21 other insurers or agents that have since been voluntarily dismissed.

On December 2, 2020, McKesson removed the instant action to the United States District Court for the Central District of California, No. 20-cv-02268. On December 9, 2020, McKesson answered and filed counterclaims against ACE and cross-claims against AIU and National Union, seeking declarations that ACE, AIU, and National Union (together, "Insurers") have duties to defend and indemnify McKesson in the Opioid Lawsuits under the Policies, and seeking damages for alleged breaches of those duties.

On December 23, 2020, this action was transferred to the United States District Court for the Northern District of California on consent of the parties, No. 20-cv-09356. On December 30, 2020, ACE answered McKesson's counterclaims. On January 4, 2021, AIU and National Union answered McKesson's cross-claims and filed counterclaims against McKesson seeking declarations that AIU and National Union have no duty to defend or indemnify McKesson. On January 7, 2021, AIU and National Union answered ACE's complaint and filed counterclaims against ACE seeking declarations that, to the extent AIU and National Union are called upon to defend or indemnify McKesson, they are entitled to contribution and indemnity from ACE. McKesson answered AIU and National Union's counterclaims in this action on January 25, 2021, and ACE answered AIU and National Union's counterclaims on January 28, 2021.

On January 20, 2021, the Court ordered the instant action related to *AIU Insurance Co. v.*

*McKesson Corp.*, No. 3:20-cv-07469 (the "AIG Action"), an action filed on October 23, 2020 by AIU and National Union against McKesson seeking declarations that they have no duty to defend or indemnify McKesson for the Opioid Lawsuits. Both this action and the AIG Action are scheduled for Initial Case Management Conferences before this Court on April 1, 2021 at 1:30 p.m.

**3.    LEGAL ISSUES**

The parties dispute whether ACE, AIU, and National Union owe duties to defend McKesson against the Opioid Lawsuits under the Policies, and whether ACE, AIU, and National Union have duties to indemnify McKesson for past settlements and/or future settlements and judgments in the Opioid Lawsuits under the Policies. The Insurers also dispute their respective obligations, if any, to defend or indemnify McKesson.

**4.    PENDING AND ANTICIPATED MOTIONS**

- *McKesson's Motion for Partial Summary Judgment on the Duty to Defend*: In April 2021, McKesson intends to file a motion for partial summary judgment seeking a declaration that Insurers have duties to defend McKesson against the Opioid Lawsuits. McKesson may concurrently file a motion to seal any supporting exhibits that require sealing.
  - In the event that McKesson is permitted to file a motion for partial summary judgment, the Insurers reserve their rights to cross-move in this action or the AIG Action, as appropriate, including without limitation, a motion seeking specific, targeted discovery, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, if necessary to fully and properly respond to that motion.
- *McKesson's Motion to Stay Discovery*: In April 2021, McKesson plans to file a motion to stay all discovery that is related to issues being litigated in the underlying Opioid Lawsuits.
  - Although the Insurers do not know the scope of McKesson's motion to stay, the Insurers expect to oppose a stay of discovery. If the Court is inclined to grant a stay, however, it is Insurers' position that the Court should stay the entire action, rather than allowing McKesson's motion for summary judgment to proceed while staying discovery.
- *ACE's Unopposed Motion for Leave to Amend its Answer to McKesson's Counterclaims*: ACE will move the Court for leave to amend its answer to McKesson's counterclaims. McKesson does not consent to ACE's amendment and disputes the amended language, but will not oppose ACE's motion.

**5.    AMENDMENT OF PLEADINGS**

Other than ACE's motion noted above, which would not add any parties, claims, or defenses, the Parties do not currently anticipate any amendment of the pleadings to add or dismiss parties, claims, or

JOINT CASE MANAGEMENT STATEMENT UNDER FED. R. CIV. P. 26(f) AND CIV. L.R. 16-9,
Case No.: 3:20-cv-09356-JSC

defenses. The Parties reserve the right to move before this Court for leave to amend their pleadings at a later date.

**6. EVIDENCE PRESERVATION**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and met and conferred on March 3, 2021 pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7. DISCLOSURES**

The Parties will exchange their Initial Disclosures under Rule 26(a) of the Federal Rules of Civil Procedure, via email, on March 25, 2021.

**8. DISCOVERY**

On March 25, 2021, the parties exchanged Initial Disclosures and ACE served document requests on McKesson; no other discovery has been propounded to date. In conjunction with the AIG Action, the Parties have conferred and exchanged drafts of a stipulated proposed protective order as well as a proposed e-discovery order. The Parties are continuing to meet and confer in an effort to formulate proposed orders that would then be submitted to the Court for its consideration. In light of the ruling on the Motion to Remand, the Parties agree that this action and the AIG Action should be consolidated or otherwise proceed in tandem on the same schedule.

    **A.**    *ACE's, AIU's, and National Union's Position on Discovery & Proposed Discovery Schedule (opposed by McKesson):*

It is ACE, AIU, and National Union's position that, due to the number of underlying actions and the complexity of the claims/issues presented, certain limitations on discovery such as the number of discovery requests or depositions may need modification. For example, a single interrogatory or document request propounded on McKesson that requires answers with respect to multiple of the 3,200 underlying lawsuits should not count as more than one interrogatory or document request.

As noted above, McKesson will seek leave to file an early motion for summary judgment, as well as a motion to stay all discovery related to issues being litigated in the underlying Opioid Lawsuits. The Insurers disagree with McKesson's proposed approach and believe that a more proper and efficient way to proceed is as follows. As set forth in the proposed schedule below, discovery should proceed in

the ordinary course before any dispositive motion practice. Given the breadth of the Opioid Lawsuits, the fact that the underlying litigations have been ongoing in some cases for years, the fact that several of the underlying actions have been resolved, and that California law permits extrinsic evidence to be considered on a duty-to-defend motion, any dispositive motion practice before discovery is at least substantially completed would be premature, would not serve to meaningfully narrow the issues in the litigation, would be a waste of the Court's and Parties' time and resources, and would greatly prejudice ACE, AIU, and National Union.

In the alternative, if the Court decides to entertain McKesson's early motion for summary judgment, it should, consistent with its power under Fed. R. Civ. P. 56(b), at a minimum permit certain necessary discovery both before motion practice and on an ongoing basis. Specifically, McKesson should be required to (i) before moving, identify the scope of its intended motion, including which of the 3,200 underlying actions it intends to move pursuant to, and produce targeted discovery with respect to those actions relevant to the duty to defend, including pleadings, dockets, settlements, if any, and proof with respect to each action that McKesson has satisfied prerequisites for coverage; and (ii) produce, on an ongoing basis, other discovery materials, including discovery materials previously produced to plaintiffs in the Opioid Lawsuits. Contrary to McKesson's assertion, "settled case law" does not require a stay of discovery here, where the underlying actions have been pending for years, the insurers seek discovery of documents plaintiffs in the underlying actions already have (obviating any concern of prejudice), and the insured seeks to make a dispositive motion while simultaneously moving to stay discovery.

Separately, the Insurers reserve their rights to seek discovery pursuant to Fed. R. Civ. P. 56(d) necessary to fully and properly respond to any motion McKesson may file.

ACE, AIU, and National Union propose a phased discovery plan pursuant to Fed. R. Civ. P. 26(f), which is the same plan they propose in the AIG Action, as follows:

**1.     Written/Document Discovery.**

Written and document discovery may commence immediately and shall be completed by June 15, 2022.

**2.     Fact Witness Depositions.**

Depositions of persons most knowledgeable, as well as party and non-party fact witnesses, shall commence no earlier than February 15, 2022, and shall be completed by October 1, 2022.

**3.     Disclosure of Expert Witnesses.**

Expert witness disclosures shall be made on or before 60 days after the close of fact discovery. Rebuttal expert witness disclosures shall be made on or before 60 days after disclosure of affirmative expert disclosures.

**4.     Expert Witness Depositions.**

Expert witness depositions shall be completed on or before 60 days after disclosure of rebuttal expert witness disclosures.

**B.     *McKesson's Position on Discovery & Proposed Discovery Schedule (opposed by Insurers)*:**

McKesson proposes a two-phase schedule. Under *Phase I*, McKesson will file in April 2021 (1) a motion for partial summary judgment on the threshold issue of whether Insurers have a duty to defend McKesson against the Opioid Lawsuits, (2) any accompanying motion to seal, and (3) a motion to stay discovery and proceedings insofar as they are related to issues being litigated in the Opioid Lawsuits, to prevent prejudice to McKesson. Following resolution of McKesson's motion for partial summary judgment, McKesson would be open to engaging in private mediation to resolve remaining disputes in this action and the related AIG Action. *Phase II* would address indemnity and any remaining issues. An appropriate schedule and deadlines for Phase II would be set at a case management conference following resolution of all pending underlying Opioid Lawsuits.

McKesson is not required to seek leave to file a motion for summary judgment, nor does any rule or case law require McKesson to preview "the scope" of its anticipated motion or produce voluminous discovery before moving for resolution of a threshold legal issue. *See* Comm. Notes to Fed. R. Civ. P. 56, 2009 Amend ("[t]he new [Rule 56] allows a party to move for summary judgment at any time, even as early as the commencement of the action"). Early resolution of the threshold issue of the duty to defend is logical, efficient, and would conserve public and private resources. If, on the one hand, McKesson loses the motion, that would end the case—obviating months (or years if Insurers' proposal is adopted) of expensive, time-consuming, and contentious discovery. If, on the other hand, McKesson prevails in establishing Insurers' duty to defend, that would meaningfully narrow and sharpen the issues

and encourage settlement. McKesson intends to include with its summary judgment motion all the evidence necessary to resolve that motion. To the extent Insurers contend that further discovery is needed to decide the duty to defend (which it is not), the appropriate vehicle for Insurers to raise those arguments is a motion under Fed. R. Civ. P. 56(d). This will allow the Court to evaluate the parties' positions with the benefit of full briefing, concrete facts, and a developed record, rather than in the abstract at the Case Management Conference.

To the extent the Court considers Insurers' position that expansive discovery is required before McKesson is permitted to move for partial summary judgment, McKesson respectfully requests the opportunity to fully brief the issue, which will demonstrate that California courts resolve disputes over the duty to defend at the outset of litigation. Additionally, as McKesson will establish in its anticipated motion to stay, Insurers' proposed discovery schedule ignores settled case law requiring a stay of all discovery that is related to issues being litigated in underlying lawsuits, to prevent the prejudice that would otherwise result to the insured from simultaneous discovery in the coverage and underlying actions.

**9.   CLASS ACTIONS**

Not applicable.

**10.  RELATED CASES**

As noted above, on January 20, 2021, this Court issued an Order pursuant to Local Rule 3-12 relating this matter with the AIG Action (*see* ECF 111).

**11.  RELIEF**

ACE seeks: (i) a declaration that it has no duty to pay McKesson's past or future defense costs in connection with the Opioid Lawsuits; (ii) a declaration that it has no duty to indemnify McKesson for past settlements and/or future settlements and judgments in the Opioid Lawsuits; and (iii) a declaration, to the extent ACE is called upon to defend or indemnify McKesson, of the rights and obligations of AIU and National Union to also provide coverage to McKesson in connection with the Opioid Lawsuits. (*See* ACE Complaint (ECF 1, Ex. B, Part 1) ¶¶ 47–55.)

McKesson requests the following relief: (i) a declaration that ACE, AIU, and National Union must provide McKesson with a full defense against the Opioid Lawsuits; (ii) a declaration that ACE,

AIU, and National Union are obligated to indemnify McKesson in connection with any settlement and/or judgment in the Opioid Lawsuits; (iii) damages for breach of ACE, AIU, and National Union's respective contractual duties to defend and to indemnify McKesson with respect to the Opioid Lawsuits; (iv) attorneys' fees, costs, and expenses incurred by McKesson in establishing its rights to coverage through this action; and (v) interest accrued on the other damages sought in this action. McKesson continues to quantify its damages, which are ongoing, and therefore cannot provide an exact estimate of the final damages calculations that will be presented at trial. McKesson currently estimates its damages to be in the hundreds of millions of dollars, plus interest, and anticipates that amount will increase.

AIU and National Union seek: (i) a declaration that they have no duty to pay McKesson's past or future defense costs in connection with the Opioid Lawsuits; (ii) a declaration that they have no duty to indemnify McKesson for past or future settlements and judgments in the Opioid Lawsuits; and (iii) a declaration that, if they are called upon to defend or indemnify McKesson, they are entitled to contribution and indemnity from ACE "commensurate with the amount that AIU and National Union will have paid in excess of their properly allocated shares of defense and/or indemnity costs relating to the Opioids Lawsuits." (*See* AIU and National Union's Counterclaims Against McKesson (ECF 86) ¶¶ 46–53; AIU and National Union's Counterclaims Against ACE (ECF 93) ¶¶ 12–19).

**12.   SETTLEMENT AND ADR**

The Parties have not engaged in settlement discussions since the filing of this action, although the Parties met and conferred about settlement and ADR as required by the Court's Local Rules and the Local ADR Rules, and the Parties have all submitted an ADR Certification. The Parties are open to participating in private mediation at an appropriate time.

**13.   CONSENT TO MAGISTRATE JUDGE**

The Parties consent to have Magistrate Judge Corley conduct all further proceedings in this action, including trial and entry of judgment.

**14.   OTHER REFERENCES**

The Parties do not believe this action is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multi-District Litigation.

15. **NARROWING OF ISSUES**

   A. *ACE, AIU, and National Union's Position:*

   As described in detail above, the Insurers believe the parties should file motions for summary judgment only after the completion of their proposed discovery schedule or, in the alternative, that an early motion for summary judgment should follow the protocol set forth above.

   B. *McKesson's Position:*

   As described in detail above, McKesson plans to promptly move for partial summary judgment on the duty to defend, and for a stay of all discovery that is related to issues being litigated in the Opioid Lawsuits, and contends that it is not necessary or reasonable for voluminous discovery to take place before resolution of the duty to defend.

16. **EXPEDITED TRIAL PROCEDURE**

   The Parties do not believe this case can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

17. **SCHEDULING**

   The Parties have set forth their respective views on scheduling in Sections 4, 8, and 15 above.

18. **TRIAL**

   The Parties have demanded a trial by jury as to those issues which are jury issues.

   *ACE, AIU, and National Union's Position*:  Given the complexities of the issues involved, the number of underlying lawsuits, and the length of time at issue, and subject to dispositive motion practice that may render moot the need for a trial on some or all counts and issues, ACE, AIU, and National Union anticipate that the trial will take 10-15 trial days.

   *McKesson's Position*:  McKesson believes the Parties will be better positioned to anticipate the trial length following resolution of McKesson's anticipated motion for partial summary judgment on the duty to defend in the related AIG Action, which would clarify the scope of the issues left for trial.

19. **DISCLOSURE OF NON-PARTY INTERESTED PERSON OR PERSONS**

   ACE filed its Certification of Interested Entities or Persons on January 15, 2021.  ACE certifies that (i) ACE is a wholly owned subsidiary of INA Holdings Corporation, (ii) Chubb Limited is the ultimate, indirect parent of INA Holdings Corporation, and the only publicly traded company in its chain

of ownership, and (iii) no publicly held corporation owns 10% or more of the stock of Chubb Limited. Pursuant to Civil L.R. 3-15, ACE certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: (1) INA Holdings Corporation; and (2) Chubb Limited.

McKesson filed its Local Rule 3-15 Certification of Interested Entities or Persons on December 9, 2020.  McKesson certifies that it does not have a parent corporation and that there are no publicly held corporations that own 10 percent or more of its stock.  Pursuant to Civil L.R. 3-15, McKesson certifies that as of this date, other than the named parties, there is no such interest to report.

AIU and National Union filed their "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15 on January 4, 2021 (ECF 89) and again certify that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: American International Group, Inc.

**20.  PROFESSIONAL CONDUCT**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.  OTHER ISSUES**

The Parties agree to accept service by email for all documents not served through the ECF system (such as discovery, initial disclosures, expert reports, sealed pleadings, etc.).  In particular, the Parties agree that: (1) hard copies will be provided by overnight mail upon request by the receiving party; (2) service by email will be treated as service by hand delivery; (3) for discovery requests that trigger running of a response period, service is to be made by 11:59 p.m. Pacific Time; and (4) for documents served after 11:59 p.m. Pacific Time, service will be treated as if it was made on the following business day.

| | |
|---|---|
| Dated: March 25, 2021 | HOLWELL SHUSTER & GOLDBERG LLP |

By:  /s/ Michael S. Shuster
Michael S. Shuster (*pro hac vice*)
Blair E. Kaminsky (*pro hac vice*)
Daniel M. Sullivan (*pro hac vice*)
Daniel M. Horowitz (*pro hac vice*)
425 Lexington Avenue
New York, New York 10017
Tel: (646) 837-5151
Fax: (646) 837-5150
Email: mshuster@hsgllp.com
Email: bkaminsky@hsgllp.com
Email: dsullivan@hsgllp.com
Email: dhorowitz@hsgllp.com

LONDON FISCHER LLP

Richard S. Endres
Patrick G. Bollig
2505 McCabe Way
Suite 100
Irvine, CA 92614
Tel: (949) 252-0550
Fax: (949) 252-0553
Email: rendres@londonfischer.com
Email: pbollig@londonfischer.com

*Attorneys for Plaintiff and Counterclaim Defendant ACE Casualty and Property Insurance Company*

Dated: March 25, 2021         GIBSON, DUNN & CRUTCHER LLP

By:  /s/ *Richard J. Doren*
Richard J. Doren
Matthew A. Hoffman
Madeleine F. McKenna
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel:  (213) 229-7038
Fax: (213) 229-6038
Email: rdoren@gibsondunn.com
Email: mhoffman@gibsondunn.com
Email: mmckenna@gibsondunn.com

WILLKIE FARR & GALLAGHER LLP

Mitchell J. Auslander (*pro hac vice*)

|   |   |
|---|---|
| 1 | Christopher J. St. Jeanos (*pro hac vice*) |
| 2 | Jocelyn M. Sher  (*pro hac vice*) |
|   | 787 Seventh Avenue |
| 3 | New York, NY 10019 |
|   | Tel:  (212) 728-8000 |
| 4 | Fax:  (212) 728-8100 |
|   | Email: mauslander@willkie.com |
| 5 | Email: cstjeanos@willkie.com |
|   | Email: jsher@willkie.com |

*Attorneys for Defendants, Cross-Claim Defendants, and Counterclaim Plaintiffs AIU Insurance Company and National Union Fire Insurance Company of Pittsburgh, Pa.*

Dated: March 25, 2021        COVINGTON & BURLING LLP

By:    */s/ Gretchen A. Hoff Varner*
          Gretchen A. Hoff Varner
          Salesforce Tower
          415 Mission Street, Suite 5400
          San Francisco, CA 94105-2533
          Telephone: + 1 (415) 591-6000
          Facsimile: + 1 (415) 591-6091
          Email: ghoffvarner@cov.com

          Anna Engh (*pro hac vice*)
          One CityCenter
          850 Tenth Street, N.W.
          Washington, D.C. 20001
          Telephone: + 1 (202) 662-6000
          Facsimile: + 1 (202) 662-6291
          Email: aengh@cov.com

          David Luttinger (*pro hac vice*)
          Cléa P.M. Liquard (*pro hac vice*)
          COVINGTON & BURLING LLP
          The New York Times Building
          620 Eighth Avenue
          New York, New York 10018
          Telephone: +1 (212) 841-1000
          Facsimile: +1 (212) 841-1010
          Email: dluttinger@cov.com
          Email: cliquard@cov.com

*Attorneys for Defendant, Counterclaim Plaintiff, Cross-Claim Plaintiff, and Counterclaim Defendant McKesson Corporation*

**SIGNATURE ATTESTATION**

Pursuant to Northern District of California Local Rule 5-1, I hereby attest that all other signatories listed above, on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: March 25, 2021

HOLWELL SHUSTER & GOLDBERG LLP

By: /s/ Michael S. Shuster
Michael S. Shuster (*pro hac vice*)
Blair E. Kaminsky (*pro hac vice*)
Daniel M. Sullivan (*pro hac vice*)
Daniel M. Horowitz (*pro hac vice*)
425 Lexington Avenue
New York, New York 10017
Tel: (646) 837-5151
Fax: (646) 837-5150
Email: mshuster@hsgllp.com
Email: bkaminsky@hsgllp.com
Email: dsullivan@hsgllp.com
Email: dhorowitz@hsgllp.com

LONDON FISCHER LLP

Richard S. Endres
Patrick G. Bollig
2505 McCabe Way
Suite 100
Irvine, CA 92614
Tel: (949) 252-0550
Fax: (949) 252-0553
Email: rendres@londonfischer.com
Email: pbollig@londonfischer.com

*Attorneys for Plaintiff and Counterclaim Defendant ACE Casualty and Property Insurance Company*